UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| YOLANDA CARRISALEZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-12-87 |
| § | |
| BANK OF AMERICA, N.A., § | |
| § | |
| Defendant. § | |

### ORDER ON MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment (D.E. 25), along with Plaintiff's Response (D.E. 27). For the reasons set out below, the Motion is GRANTED.

### FACTS

Over the course of nine years, Plaintiff Yolanda Carrisalez (Carrisalez) purchased four parcels of real estate in Portland, Texas: 222 Llano; 124 Janin Circle; 103 Maple; and 107 Holly. She financed each through Countrywide Homes and the notes and deeds of trust are now in the hands of Defendant Bank of America, N.A. as Successor by Merger to BAC Home Loans Servicing, L.P. (Bank). It is undisputed that Carrisalez became delinquent on her mortgage payments on all four properties.

On November 1, 2010, with respect to the 107 Holly property, the Bank mailed a Notice of Default and Intent to Accelerate to Carrisalez by U.S. Certified Mail, return receipt requested. D.E. 25-1. The notice was sent to Carrisalez at the 222 Llano Drive address. D.E. 25-1, pp. 35-36. Carrisalez signed for that notice on November 5, 2010.

D.E. 25-1, p. 38. When Carrisalez failed to cure her default, the Bank retained a law firm to proceed with foreclosure. D.E. 25-1.

On December 19, 2011, the law firm sent to Carrisalez their Notice of Acceleration and Substitute Trustee's Sale by U.S. Certified Mail addressed to the 222 Llano address as well as the 107 Holly address. D.E. 25-2, pp. 5-6, 11-12. The notice addressed to the 107 Holly address was returned, unclaimed, to the law firm on December 24, 2011. D.E. 25-2, p. 19. Carrisalez asserts that she did not receive any notice of foreclosure sale for the 107 Holly property at any address. D.E. 27-1, p. 3.

Thereafter, on January 31, 2011, Carrisalez filed for relief under Chapter 13 of the United States Bankruptcy Code. D.E. 27-1, p. 3. According to the Bankruptcy Plan, Carrisalez made payments on her other three properties, but did not make payments on the 107 Holly property. D.E. 27-1, p. 3. Carrisalez failed to comply with her Bankruptcy Plan and her Bankruptcy Case was dismissed on or about December 21, 2011. D.E. 11, p. 2; 27, p. 7. The Bank's law firm proceeded with foreclosure of the 107 Holly property, which took place on February 7, 2012. D.E. 25-2.

While notices of default have been sent on the other three properties owned by Carrisalez,[1] no foreclosure has yet taken place. Carrisalez claims that the 222 Llano property is her homestead and that her daughters live in the homes at 124 Janin Circle and 103 Maple Drive addresses, all of which she claims have substantial equity in them. D.E. 27-1. For those reasons, she has sought injunctive relief to prevent foreclosure.

---

[1] D.E. 25-1, pp. 41-53.

## DISCUSSION

According to the Bank, the foreclosure of the lien on the 107 Holly property was appropriate pursuant to the law and all necessary notices to the borrower were given to Carrisalez. Furthermore, as a party in default under the Note, Carrisalez should not be heard to complain of any breach of contract by the Bank. Thus any breach of contract claim with regard to that foreclosure should be summarily denied. The Bank seeks summary judgment on all other claims because: (1) there has been no foreclosure of the three remaining properties and there is no cause of action for "attempted foreclosure;" (2) the cause of action for fraud is defeated by the economic loss doctrine; and (3) Carrisalez is not entitled to equitable relief in the form of an injunction to prevent future foreclosures.

Carrisalez responds with the allegation that she did not, in fact, receive proper notice of the foreclosure sale of 107 Holly. That foreclosure was thus procedurally improper and she retains her right to complain of the Bank's failure to comply with contractual requirements despite her own default. She also seeks to enjoin any foreclosure of the remaining properties, complaining that she has not been given proper notice of default, that she owns significant equity in the homes that the threat of foreclosure is putting at risk, and that the homes are needed to house herself and her children. She concedes the cause of action for fraud.

### A. Carrisalez Has the Right to Complain of the Bank's Alleged Breaches.

The Bank seeks to preempt Carrisalez's claims for breach of contract on the premise that she, herself, is in breach and thus cannot complain of any alleged breach by the Bank.  In other words, upon default, Carrisalez somehow lost the right to complain of the terms of the contract that are triggered by default:  the bank's duty to provide proper notice of default, notice of intent to accelerate, notice of acceleration, and notice of trustee's sale.

As Carrisalez's Response points out, "This argument is unsound because the very nature of the provision under the contract regarding notice commences if there is a default by the Debtor." D.E. 27, p. 7.  A party to a loan agreement may enforce the terms of that agreement that arise upon the debtor's default.  *See generally, Shumway v. Horizon Credit Corp.,* 801 S.W.2d 890 (Tex. 1991); *Abraham v. Ryland Mortg. Co.*, 995 S.W.2d 890, 894 (Tex. App.—El Paso 1999, no pet).  *See also*, Tex. Prop.Code Ann. § 51.002 (lender required to provide borrower with notice of the foreclosure sale). Carrisalez's complaint for wrongful foreclosure referenced her statutory right to notice along with the contractual agreement to provide notice, all of which is actionable.  D.E. 11, p. 4.

### B. The Bank Provided Proper Notice of Foreclosure With Respect to 107 Holly.

Carrisalez claims that she did not get proper notice of the Notice of Acceleration and Substitute Trustee's Sale because the Bank did not send it to her at the 222 Llano

address. More specifically, Carrisalez claims that the Bank's summary judgment evidence "does not indicate where the foreclosure notice was sent . . . ." D.E. 27, p. 5. Contrary to this assertion, the affidavit of Becky Howell includes copies of two letters providing notice of the foreclosure sale. One was addressed to 222 Llano (D.E. 25-2, pp. 5-10) and one was addressed to 107 Holly (D.E. 25-2, pp. 11-16). Both were sent by certified mail. D.E. 25-2, p. 17. Only the one addressed to 107 Holly was returned as unclaimed. Thus Carrisalez's complaint that the Bank failed to show that notice was properly addressed to her at 222 Llano fails.

This does not, however, eliminate the question of whether Carrisalez actually received the notice that was addressed to her at 222 Llano, which she denies. This matter is eliminated by the evidentiary law applicable to such questions of notice by mail. An affidavit including the bare assertion of lack of notice, alone, is inadequate to rebut the presumption of delivery of certified mail. *Maknojiya v. Gonzales*, 432 F.3d 588, 589-90 (5th Cir. 2005) (affidavit may rebut presumption of receipt by regular mail but the presumption of effective service by certified mail may be overcome only by "substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery . . ."). *See also*, *Rabie v. Sonitrol of Houston, Inc.*, 982 S.W.2d 194, 197 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (noting that presumption of receipt was rebuttable because there was no evidence of a postal receipt for the certified mail).

Because the Bank has provided a postal receipt evidencing that the necessary notice was sent by certified mail (D.E. 25-2, p. 17), Carrisalez's bare testimony that she

did not receive it is insufficient to raise a fact issue as to whether she received notice. The Bank is entitled to summary judgment on Carrisalez's cause of action for wrongful foreclosure based upon lack of notice.

### C. Carrisalez is Not Entitled to Injunctive Relief.

Carrisalez complains of the need for injunctive relief, as foreclosures of liens on her three remaining properties were scheduled for March 6, 2012. D.E. 11, p. 6. Those foreclosures did not take place and it is undisputed that no foreclosures are currently scheduled for those properties. D.E. 25, p. 8.

Carrisalez defends her request for injunctive relief only on the basis that she has not received proper notices that are prerequisite to a proper foreclosure.[2] Without a scheduled foreclosure, it is impossible for this Court to determine whether proper notices have been, or will be, issued. Given that Carrisalez's default on her obligations under the notes is undisputed, this Court cannot conclude that she has a likelihood of success on the merits of her claims. *See generally*, *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 374 (2008).

## CONCLUSION

For these reasons, the Motion for Summary Judgment (D.E. 25) is GRANTED. The action brought by Plaintiff Yolanda Carrisalez against Defendant Bank of America,

---

[2] While there is a reference to a Deceptive Trade Practices Act claim in her Complaint, the Bank challenged that basis and Carrisalez has not joined issue on that challenge in her Response. The Court notes that the factual allegations are insufficient to state a DTPA claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

N.A. is hereby DISMISSED WITH PREJUDICE as to the foreclosure of the property known as 107 Holly, Portland, Texas. The action is DISMISSED WITHOUT PREJUDICE as to the remaining properties.

ORDERED this 31st day of October, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE